THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>PHUONG A. NGUYEN,<br><br>          Defendant. | CASE NO. CR15-0120-JCC-11<br><br>ORDER |

This matter comes before the Court on Defendant's motion for a reduction in sentence (Dkt. No. 1433). Having considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

The Court sentenced Defendant to a custodial term of 144 months for conspiracy to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime. (*See* Dkt. No. 619.) Defendant now asks for a reduction of this sentence, pursuant to Amendment 821 to the United States Sentencing Guidelines ("USSG"). (*See* Dkt. No. 1433.) The request is based on the Sentencing Commission's change to the calculation and application of status points to an offender's criminal history category. (*Id.* at 1.)[1]

To qualify for a sentence reduction, amongst other requirements, it must be consistent

---

[1] The amendment reduced status points in certain instances. *See* USSG Amendment 821, Part A.

ORDER
CR15-0120-JCC-11
PAGE - 1

with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2); *see United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). And according to USSG § 1B1.10(a)(2)(B), a sentencing court may not reduce a sentence when the retroactive amendment does not result in a lower sentencing range.

Here, Defendant's sentencing range is not altered by Amendment 821. This is due to Defendant's career offender status. (*See* Dkt. No. 579 at 10.) At the time of sentencing, the Court concluded that Defendant's applicable criminal history category was VI. (*Id.*) According to the career offender table for § 924(c) (firearm) offenses, this resulted in a guideline range of 262–327 months. (*Id.*) The same remains true under Amendment 821. As a career offender, Defendant's criminal history is still VI, *regardless* of his status points. See USSG § 4B1.1(b).

Accordingly, Defendant's motion for a reduction in his sentence (Dkt. No. 1433) is DENIED.

DATED this 6th day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE